48        APPELLATE COURTS OF ILLINOIS.

Hoehn v. East Side Levee & Sanitary District, 203 Ill. App. 48.

## Leonard Hoehn, Appellee, v. East Side Levee & Sanitary District, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Leonard Hoehn, a tenant farmer, complainant, against East Side Levee & Sanitary District, defendant, for damages alleged to have been caused by a levee constructed by defendant, which obstructed the flow of the water from the premises occupied by him, thereby damaging his crops. From a judgment for $1,071 in plaintiff's favor, defendant appeals.

F. A. GARESCHE, J. B. HARRIS and D. H. MUDGE, for appellant; THOMAS E. GILLESPIE, of counsel.

BURTON & BURTON, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

### Abstract of the Decision.

1. SANITARY DISTRICTS, § 17*—*when evidence sufficient to show obstruction of flow of surface water by levee.* In an action against a sanitary district for damages claimed to have been caused by a levee constructed by the district obstructing the flow of surface water from plaintiff's land after a certain heavy rainfall, whereby plaintiff's crops were injured, the question was one of fact for the jury whether said levee so obstructed the flow of said water, and where the clear preponderance of the evidence was to the effect that prior to the construction of the levee the waters had flowed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in the direction of the levee and had never caused serious damage to plaintiff's crops or remained on his land at any great length of time, and that the levee did so obstruct the flow of water, a finding to that effect was not against the manifest weight of the evidence.

2. WATERS AND WATER COURSES, § 12*—*what is rule as to obstruction of drainage by sanitary district as lower proprietor.* The courts of this State have adopted the rule of the civil law that the right of drainage is governed by the law of nature, and that the lower proprietor of land cannot do anything which prevents the natural flow of surface water and cast it back upon the land above, and no distinction is made as to water flowing in natural water courses or as to a sanitary district in its use of lands.

3. APPEAL AND ERROR, § 1489*—*when error in admission of evidence may not be complained of.* Where, in a suit against a sanitary district for damages claimed to have been caused by a levee constructed by the district obstructing the flow of surface water from plaintiff's land after a certain heavy rainfall, whereby plaintiff's crops were injured, evidence was offered by plaintiff to the effect that defendant after said rainfall constructed a lateral ditch whereby such surface water was drained off the land, *held,* that whether or not the court erred in admitting such evidence cannot be raised by defendant, whose witness had testified on defendant's behalf on direct examination as to the construction by defendant of said ditch.

4. SANITARY DISTRICTS, § 16b*—*what does not constitute variance between pleading and proof in an action for damages for overflow due to construction of levee.* Where, in an action for damages for overflowing of plaintiff's land caused by defendant's levee it was charged in the declaration that said levee was not properly constructed so as to provide for the escape of surface water from said land by openings in said levee along said land, the court admitted evidence on the part of the defendant that such openings were provided by defendant at other points, *held* such evidence was admissible under said averment in the declaration.

5. SANITARY DISTRICTS—*when tenant has right of action for construction of levee.* Where no lands in the possession of a tenant were taken for the construction of a permanent levee on adjoining land, such tenant would have no right of action because of the construction of such levee until damage to him occurred, and when it did occur he would have a right to recover therefor.

6. APPEAL AND ERROR, § 1466*—*when erroneous admission of evidence is harmless error.* The erroneous admission of evidence which had no material effect on the finding of the jury, where the amount of damage found by the jury was supported by the evidence

and was not complained of as excessive, would not require a reversal of the case.

7. INSTRUCTIONS, § 126*—*when giving of abstract instruction is not error.* There is no error in giving an instruction which is abstract in form and states the law correctly and is applicable to the facts in the case.

8. DAMAGES, § 244*—*when giving of inaccurate instructions on in behalf of plaintiff is harmless error.* Where certain instructions given on behalf of plaintiff did not limit the damages to those charged in the declaration and were not as accurate as they should be, there would be no reversible error in giving same where the measure of damages which should govern appeared in the instructions given on behalf of the defendant.